EDWIN R. HAYNES

*vs.*

BENJAMIN S. HUSSEY, and ADONIRAM J. CUSHMAN, Trustee.

Piscataquis.    Opinion July 22, 1881.

*Trustee process.    Wages for personal labor.    R. S., c. 86, § 55.*

The exemption from attachment by trustee process of wages due the principal defendant for personal labor applies only to labor done the month immediately preceding the service of process.

ON AGREED STATEMENT.

Assumpsit. Writ dated September 6, 1879 and served upon the trustee September 9, 1879. At that time the trustee was owing the principal defendant $16.04 as wages for personal labor performed from June 26, 1879, to August 5, 1879.

*J. F. Sprague,* for the plaintiff, cited: R. S. c. 86, § 55, part 6; *Winslow* v. *Kimball,* 25 Maine, 493; *Parks* v. *Knox,* 22 Maine, 494; *Pingree* v. *Snell,* 42 Maine, 53; *Coffin* v. *Rich,* 45 Maine, 507; *Varner* v. *Nobleboro',* 2 Maine, 121; *Strang* v. *Hirst,* 61 Maine, 9; *Paine* v. *Dwinell,* 53 Maine, 53.

*A. G. Lebroke* and *W. E. Parsons,* for the trustee.

The amount due the alleged trustee to the principal defendant is for his wages for personal labor not exceeding one month and less than twenty dollars. R. S. c. 86, § 55.

The true construction of the statute is clear. It was the intention of the legislature to exempt to the destitute laborer $20 out of one month's labor. *Winslow* v. *Kimball,* 25 Maine, 493; *Rogers* v. *Goodwin,* 2 Mass. 477; *Langdon* v. *Porter,* 3 Mass. 221; *Ayers* v. *Knox,* 7 Mass. 310; *Green* v. *Kemp,* 13 Mass. 519; *Davlin* v. *Stone,* 4 Cush. 359; *Kennedy* v. *Bradbury,* 55 Maine, 107; *Bonzey* v. *Newbegin,* 48 Maine, 410; *Dow* v. *Smith,* 7 Vt. 465; *Freeman* v. *Carpenter,* 10 Vt. 433.

APPLETON, C. J.    The question in issue relates to the liability of the trustee upon the following facts.

The writ is dated September 6, 1879. The defendant labored for the supposed trustee thirty days at one dollar and twenty-five cents a day, commencing June 26, 1879 and ending August 5,

1879, on which a balance of $16.04 was due. This was the last service performed by the defendant for any one prior to the service of the writ on the trustee on September 9, 1879.

It is apparent that all the labor done by the defendant for the alleged trustee was more than thirty days before the service of the writ on him.

By R. S., 1841, c. 119, § 63 "no person shall be adjudged trustee . . by reason of any amount due from him to the principal defendant as wages for his personal labor for a time not exceeding one month."

In *Parks* v. *Knox and trustee*, 22 Maine, 494, this court held that the above provision was not restricted to the month immediately preceding the service of the process on the supposed trustee, at the same time remarking that "the legislature may have overlooked the effect of their language in this instance; but if they have, it is for that body to cure the defect."

It was in that case argued that if the exemption was not confined to the debtor's labor for the month next preceding the service of the process, the debtor might have any amount put out of the reach of creditors by working at different places a month at a time. This result, which followed from the unambiguous language of the statute, was the defect to which the court alluded.

Accordingly, in the revision of 1857, c. 86, § 55, it was enacted "that no person shall be adjudged trustee . . . by reason of any amount due from him to the principal defendant as wages for his personal labor, or that of his wife or minor children, for a time not exceeding one month *next* preceding the service of the process." This provision is found in the same words in R. S., 1871, c. 86, § 55.

The meaning of the statute is obvious. The language can admit of but one construction. It was to restrict the exemption to work done the month next preceding the service of the process. The defendant's labor was not done within that time and the trustee must be charged.

*Trustee charged for $16.04.*

BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.